UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIO GONZALEZ JORGE,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26cv959 DRL-SJF |

OPINION AND ORDER

Immigration detainee Julio Gonzalez Jorge,[1] representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Gonzalez Jorge replied.

Mr. Gonzalez Jorge is a citizen of Cuba who arrived in the United States in 1980 as part of the Mariel Boat Lift [11-1]. He was arrested pursuant to a warrant by United States Immigration and Customs Enforcement (ICE) at an immigration appointment on October 27, 2025, and issued a notice to appear, charging him with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not have valid entry documents and under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. He was ordered removed to Cuba on June 23, 2026. He reserved the right to appeal but never filed one.

---

[1] Previous orders have named the petitioner Julio Jorge Gonzalez, but his name has now been corrected to Julio Gonzalez Jorge.

Mr. Gonzalez Jorge filed this habeas petition at the end of June 2026, arguing his continued detention was unlawful. He based his petition on challenges to his custody redetermination under 8 U.S.C. § 1226(a) and whether his parole as a Mariel Cuban was properly revoked under 8 C.F.R. § 212.12. He alleges that, at his June 23, 2026 immigration hearing, he was expecting to proceed on a Cuban adjustment hearing but instead was surprised by a merits hearing on his removal and asylum application. He argues he cannot be removed to Cuba in the reasonably foreseeable future. He fears being forced into Mexico.

In answering the petition, the Warden (through his federal counsel) argues that Mr. Gonzalez Jorge's detention is lawful because his removal order has become final, shifting the basis for his detention to 8 U.S.C. § 1231(a). The Warden asserts that Mr. Gonzalez Jorge has entered the 90-day removal period, during which detention is mandatory.

In reply, Mr. Gonzalez Jorge focuses on the total time he has been in immigration detention—approximately a year—and argues it is unlawful for him to be detained that long without a hearing. He again challenges the fairness of his immigration hearing and says Cuba will not take him back.

The Warden argues that the court lacks subject matter jurisdiction over Mr. Gonzalez Jorge's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). The court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For reasons given before, jurisdiction is secure insofar as this opinion goes. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026). The court is only without jurisdiction to review the procedural issues Mr. Gonzelez Jorge identifies from his removal hearing. The Immigration and Nationality Act mandates that all challenges to a removal

order must be addressed through an appeal to the Board of Immigration Appeals (BIA) and then by a petition for review with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5), (b)(9); *Morales-Ramirez v. Reno*, 209 F.3d 977, 979 (7th Cir. 2000). He cannot challenge his removal order in a habeas petition.

The Warden's next argument about mandatory detention has merit. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Because Mr. Gonzalez Jorge did not appeal the removal order to the BIA, his removal order became administratively final on July 30, 2026, when the time to appeal expired. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b) (2025).[2] Mr. Gonzalez Jorge will have been in the removal period until October 28, 2026.

Although the removal period will have just passed when this order issues, Mr. Gonzalez Jorge's detention remains authorized. Even after the 90-day removal period, continued detention is authorized under 8 U.S.C. § 1231(a)(6) for certain classes of noncitizens—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those

[2] The deadline to file an appeal was shorted to 10 days, effective March 9, 2026. *See* Appellate Procedures for the Board of Immigration Appeals, 91 FR 5267-01. The 10-day deadline was invalidated in *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119 (D.D.C. Mar. 8, 2026).

who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6). For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3). Because Mr. Gonzalez Jorge was ordered removed under § 1182, his continued detention is authorized under § 1231(a)(6).[3]

Finally, Mr. Gonzalez Jorge's complaints about the total length of detention and the applicability of 8 C.F.R. § 212.12 are inapplicable to his situation. A writ of habeas corpus looks at the current basis for custody, not prior periods. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted). Once his detention switched from 8 U.S.C. § 1226(a), while his removal proceedings were pending, to 8 U.S.C. § 1231(a), after he was subject to a final order of removal, the time in detention is measured from the beginning of

[3] There are limits to how long Mr. Gonzlaez Jorge may be detained under § 1231(a)(6) if he cannot be removed from the United States. *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001). But it is premature to consider this issue because it was not an issue in contention when Mr. Gonzalez Jorge filed his petition.

the removal period, and any issues with the prior detention is irrelevant to the habeas inquiry. Nor is 8 C.F.R. § 212.12 applicable to Mr. Gonzalez Jorge at this point. Section 212.12 "addresses the procedure by which immigration parole may be granted or denied to Mariel Cubans; establishes the body responsible for making such decisions; sets forth the criteria and procedure for determining parole eligibility; and enumerates the circumstances in which immigration parole may be revoked." *Marquez-Coromina v. Hollingsworth*, 692 F. Supp.2d 565, 571 (D. Md. 2010). "The regulation does not address continued detention after the removal order has been issued; indeed, it is entitled 'Parole determinations and revocations respecting Mariel Cubans,' and its scope appears to be limited to those discrete determinations." *Id.* Mr. Gonzalez Jorge's current detention is lawful.

For these reasons, the court DENIES the petition (ECF 5) and DIRECTS the clerk to close this case.

SO ORDERED.

November 3, 2026

*s/ Damon R. Leichty*
Judge, United States District Court